IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TADESSE BEYENE, | ) | |
| | ) | 8:05cv91 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| v. | ) | |
| | ) | |
| | ) | |
| FARMLAND FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

      This matter is before the court on the following pending motions: (1) filing no. 12, the Motion to Dismiss filed by the defendant, Farmland Foods, Inc., now known as Reorganized FLI, Inc.; (2) filing no. 15, the Motion to Review filed by the plaintiff, Tadesse Beyene; (3) filing no. 18, the defendant's Motion to Strike; and (4) filing no. 21, the plaintiff's Motion for Information.  In his complaint, the plaintiff alleges claims of employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981, arising out of his termination from employment in November of 1999.

      On September 15, 2000, the plaintiff, who is Ethiopian, filed Case No. 8:00cv486 in this court, alleging that his race, national origin and/or color constituted a motivating factor in the decisions by Farmland Foods, Inc. to suspend, and then to discharge, the plaintiff from his job as a trimmer in the defendant's Night Bone Department. The plaintiff also, or in the alternative, alleged that Farmland Foods, Inc. made the adverse employment decisions at issue in retaliation for a charge of racial discrimination previously filed by the plaintiff with the Iowa Civil Rights Commission in June of 1999.

      In Case No. 8:00cv486, District Judge Laurie Smith Camp denied the Motion for Summary Judgment filed by Farmland Foods, Inc., and the court entered an order setting the case for trial.  However, shortly before the scheduled trial, Farmland Foods, Inc. and its affiliates filed for bankruptcy protection in the United States Bankruptcy Court for the

Western District of Missouri. Because the automatic stay[1] under the United States Bankruptcy Code precluded further litigation against the bankruptcy debtors and their assets, Judge Smith Camp entered an order transferring Case No. 8:00cv486 to the United States District Court for the Western District of Missouri for referral, if appropriate, to the Bankruptcy Court where the Farmland bankruptcy cases were pending. The United States District Court for the Western District of Missouri docketed the transferred case as Case No. 4:02cv592-FJG in that district. This court closed the file in Mr. Beyene's case upon the transfer of the case out of this district.

In filing nos. 12 and 13, the defendant has provided evidence concerning what happened to Mr. Beyene's case against Farmland Foods, Inc. in the United States Bankruptcy and District Courts for the Western District of Missouri. The Bankruptcy Court confirmed a Plan of Reorganization for the Farmland debtors including Farmland Foods, Inc. (filing no. 13, Exhs. 6 and 7). The Plan provided procedures for resolving disputed claims against the debtors' estates (id., Exh. 6 at Art. VIII). Those procedures included authority delegated to a Liquidating Trustee to object to claims against the debtors and to prosecute objections to the allowance of proofs of claim (id.).

On March 24, 2004, Mr. Beyene filed proof of claim No. 9233 in the bankruptcy proceedings (filing no. 13, Exh. 8). On August 20, 2004, the Liquidating Trustee filed an objection to Mr. Beyene's proof of claim (id., Exh. 9). When the plaintiff failed to respond to the objection, the Bankruptcy Court sustained the Trustee's objection to the plaintiff's claim and disallowed the plaintiff's claim (id., Exh. 10), meaning that Mr. Beyene could not participate in the distribution of any assets from the debtors' estates. See, e.g., Hawxhurst v. Pettibone Corp., 40 F.3d 175, 179 (7th Cir. 1994) ("a disallowed claim may not share in the distribution of the debtor's assets in bankruptcy").

Thereafter, on October 26, 2004, the Trustee filed a Motion to Dismiss Case No.

---

[1] 11 U.S.C. § 362 "provides that filing a bankruptcy petition operates as an automatic stay of judicial proceedings against the debtor. 'The general policy behind this section is to grant complete, immediate, albeit temporary relief to the debtor from creditors, and also to prevent dissipation of the debtor's assets before orderly distribution to creditors can be effected.'" E.E.O.C. v. Rath Packing Co., 787 F.2d 318, 323-24 (8th Cir. 1986) (citation omitted).

4:02cv592-FJG in the United States District Court for the Western District of Missouri (i.e., the case which had started out as Beyenne v. Farmland Foods, Inc., No. 8:00cv486, in this court, and which had been transferred to Missouri from this court) (filing no. 13, Exh. 11). Mr. Beyene objected to the motion to dismiss (id., Exh. 12). However, on December 11, 2004, the District Court granted the Trustee's Motion to Dismiss, and entered an Order dismissing the plaintiff's lawsuit against Farmland Foods, Inc. (Id., Exh. 14).

The plaintiff did not appeal the disallowance of his proof of claim by the Bankruptcy Court or the dismissal of his case by the Missouri federal District Court. As a result, his claim against Farmland Foods, Inc. and its successor entities has been extinguished and cannot be relitigated in this court. See generally Siegel v. Federal Home Loan Mortg. Corp., 143 F.3d 525, 529 (9th Cir. 1998): "[T]he allowance or disallowance of 'a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.'... [T]he allowance or disallowance of a claim in bankruptcy should be given like effect as any other judgment of a competent court, in a subsequent suit against the bankrupt or any one in privity with him." (Citations and internal quotation marks omitted.)

THEREFORE, IT IS ORDERED:

(1)   That filing no. 12, the defendant's Motion to Dismiss, is granted;

(2)   That all other pending motions (filing nos. 15, 18, and 21) are denied as moot); and

(3)   That a separate judgment will be entered dismissing the plaintiff's complaint and this action with prejudice.

January 17, 2006.            BY THE COURT:

                             /s *Richard G. Kopf*
                             United States District Judge